**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **PERESI NYONKURU,** ) | |
| **No. Axxxxx9541,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case No. 19-cv-1348-SMY** |
| ) | |
| **DAMON ACUFF,** ) | |
| **Warden of Pulaski County,** ) | |
| ) | |
| **Respondent.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On December 11, 2019, Petitioner Peresi Nyonkuru filed a Petition for Writ of Habeas

Corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs

Enforcement ("ICE") in the Pulaski County Detention Center. At the time of filing, Nyonkuru

had been detained for more than one year – since October 15, 2018. (Doc. 1, pp. 4, 6).

Now before the Court is Respondent's Motion to Dismiss Petition as Moot. (Doc. 8).

Respondent mailed a copy of the Motion to Nyonkuru at his address of record (the Pulaski

County Detention Center) on January 2, 2020. However, the Motion reveals that Nyonkuru is no

longer detained there, having been released on an Order of Supervision on December 19, 2019.

(Doc. 8, p. 1; Doc. 8-1, pp. 2-3; Doc. 8-2). As Nyonkuru has not submitted a change of address,

the Court does not expect a response from him to the instant motion (mail sent by the Clerk of

Court on December 16, 2019 and subsequently has been returned as undeliverable). (Docs. 6,

10, 12).

A petition filed under 28 U.S.C. § 2241 is the appropriate vehicle for challenging the length of detention pending removal. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot. However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal citation omitted).

In this case, the only relief Nyonkuru requests is to be released from detention and ICE custody while awaiting removal. (Doc. 1, p. 7; Doc. 8, p. 2). As such, the case has become moot.

## Disposition

For the foregoing reasons, Respondent's Motion to Dismiss Petition as Moot (Doc. 8) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment in accordance with this Order.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P.

4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  January 24, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**